# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TARA NATWICK,**
**on behalf of herself and all others**
**similarly situated,**

> **Plaintiff,**

**v.**                                                    **COLLECTIVE/CLASS ACTION**

**FIRST CHOICE MEDICAL GROUP OF**
**BREVARD, LLC, d/b/a EMERGE**
**HEALTHCARE GROUP, LLC and**
**LANCE FRIEDMAN, Individually,**

> **Defendants.**

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TARA NATWICK, on behalf of herself and all others similarly situated, hereby sues Defendants, FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC d/b/a EMERGE HEALTHCARE GROUP, LLC, ("Emerge") and LANCE FRIEDMAN, Individually ("Friedman") (collectively, "Defendants") and states as follows:

### INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid minimum

and overtime wages and liquidated damages owed to Plaintiff and all other current and former employees of Defendant that are similarly situated.   In addition, this is an action pursuant to the Florida Minimum Wage Act and Fla. Const. Art. X § 24 ("FMWA") ("FMWA") to recover unpaid minimum wages under Florida law, and for breach of contract for failure to pay agreed upon wages, for which attorney's fees and costs are payable pursuant to Fla. Stat. § 448.08.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367(a).

2.      Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Defendant, EMERGE, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

4.      Defendant, EMERGE, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in

commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

5.      Defendant Friedman is an adult and upon information and belief, a resident of Brevard County, Florida.

6.      At all times material hereto, Defendant Friedman was an officer, director, and/or principal of Emerge, and had direct responsibility and control over the compensation paid to Plaintiff and others similarly situated, and indeed is directly responsible for the failure to pay wages as alleged herein.

7.      Plaintiff is an adult and a resident of Brevard County, Florida.

8.      Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9.      Plaintiff, TARA NATWICK, has been employed by Defendant as Director of Business Development from approximately August 2021 to August 5, 2022.

10.     Despite diligently working for Defendants as agreed, Defendants have failed to pay Plaintiff, and all others similarly situated any pay at all since June 17, 2022 for services rendered, much less the minimum wage or overtime at the rate of one and a half time the regular rate of pay for all hours worked over 40 in the workweeks, as required by the FMWA and FLSA, respectively.

11.     Defendant employed, and continues to employ, numerous employees who, like Plaintiff, were not paid any wages whatsoever since on or around June 17, 2022.

12.     Plaintiff, and all others similarly-situated, were/are working and workingin excess of forty (40) hours per work week and Defendant knew or should have known.

13.     At all times material, Plaintiff, and all other similarly-situated, were regularly required to work in excess of the maximum hours allowed by law (overtime hours).   However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly-situated.

14.     Defendant's violations of the FMWA, FLSA, and Florida law were/are knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.   Indeed, they were intentional.

15.     Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay her legal counsel a reasonable fee for their services.

## Basis for Class and Collection Action Relief

16.     Since June 17, 2022, Defendant subjected Plaintiff and others similarly situated to the same illegal practice of failing to pay any wages whatsoever for work performed, much less overtime wages, as required by the FLSA and FMWA and common law.

17.     The members of the FLSA collective were all subjected to a common policy and practice in violation of the FLSA, 29 U.S.C. §§ 206 and 207, because all proposed FLSA class members were subjected to an identical compensation scheme that required them to work without any pay.   All members of the FLSA collective are also entitled to the same remedy in the form of back pay of minimum wage for each hour they worked, overtime for all hours worked over 40 in the workweek, an award of liquidated damages, and their contracted for rate and/or salary.

18.     The claims under the FLSA may be pursued by similarly situated persons who opt-in to this case pursuant to 29 U.S.C. § 216(b).

19.     The Named Plaintiffs and all members of the proposed FLSA class performed work for Defendant were not paid at least the full minimum wage

for all hours worked or overtime for hours worked over 40 in the workweek as required by the FLSA, nor were they paid they agreed upon hourly rate and/or salary in violation of their employment agreements with Defendants.

20.     The Named Plaintiffs and all FLSA class members worked for Defendant during or after June 16, 2022.

21.     The members of the FMWA class were all subjected to a common policy and practice in violation of the FMWA, Fla. Stats. § 448.110 and Fla. Const. Art. X § 24, because all proposed FMWA members were subjected to an identical compensation scheme that required them to work without pay.  All members of the FMWA class are also entitled to the same remedy in the form of back pay of minimum wage for each hour they worked and an award of liquidated damages.

22.     The claims under the Florida Minimum Wage Act and the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the class pursuant to Fed. R. Civ. P. 23.

23.     The Named Plaintiffs and all FMWA class members worked for Defendant during or after June 16, 2022.

24.     The members of the Unpaid Wage class were all subjected to a common policy and practice in violation of the common law and their

employment agreements because all proposed Unpaid Wage class members were subjected to an identical compensation scheme that required them to work without receiving their agreed upon hourly rates or salaries. All members of the Unpaid Wage class are also entitled to the same remedy in the form of back pay of their agreed upon wages and salaries.

25.    The claims under the Florida Minimum Wage Act, the Florida Constitution, and the common law may be pursued by all similarly situated persons who choose not to opt-out of the class pursuant to Fed. R. Civ. P. 23.

26.    Plaintiffs and all Unpaid Wage class members worked for Defendant during or after June 16, 2022.

## Class Action Allegations

27.    Plaintiff and all class members in the FMWA and Unpaid Wage Rule 23 class performed work for Defendant were not paid at least the full minimum wage for all hours worked as required by Florida law nor their agreed upon hourly rates and/or salaries. Indeed, they were paid nothing since June 16, 2022.

28.    A class action to vindicate the rights of proposed class members is maintainable pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29.     As all proposed class members were employed in Brevard County, concentrating all claims in this forum will resolve those claims efficiently.

30.     Plaintiff is unaware of any other litigation concerning the controversy already commenced by proposed class members.

31.     Potential members of the FMWA and Unpaid Wage Rule 23 class are so numerous that joinder of all members is impracticable. The exact number of members of the class can be determined by reviewing Defendant's records. However, Plaintiffs reasonably believe that there are over fifty eligible individuals in the Rule 23 class.

32.     Plaintiff will fairly and adequately protect the interests of the class and have retained counsel who are experienced and competent in class action and employment litigation.

33.     Plaintiff has no interests that is contrary to, or in conflict with, the members of the class.

34.     A class/collective action suit is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it burdensome for members of the class to individually seek redress for the wrongs done to them. Absent these

actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA, FMWA, and common law.

35.     Furthermore, even if every member of the class could afford individual litigation against Defendants, multiple lawsuits would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

36.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether Defendants employed collective and class members within the meaning of the applicable statutes, including the FLSA and FMWA;

b.     Whether Defendants failed to pay Plaintiff and members of the collective and class all minimum wages owed to them;

c.     Whether Defendants failed to pay Plaintiff and members of the collective and class all overtime wages owed to them;

d.      Whether Defendants failed to pay Plaintiff and members of the collective and class all agreed upon wages and salary;

e.      What remedies are appropriate compensation for the damages caused to the Plaintiff and each member of the collective and class;

f.      Whether Defendants' failure to compensate Plaintiff and the class members at the applicable minimum and overtime wage rates was willful, intentional, or done with reckless disregard of the rights of collective and class members.

37.    The relief sought is common to the entire class including, inter alia:

a.      payment by the Defendants of actual damages caused by their failure to pay minimum and overtime wages pursuant to FLSA and the FMWA and agreed upon salaries and wages;

b.      payment by the Defendants of liquidated damages caused by their failure to pay minimum and overtime wages pursuant to FLSA and the FMWA;

c.      payment by the Defendants of the costs and expenses of this action, including attorneys' fees for Plaintiffs' Counsel; and

d.       equitable relief ordering Defendants to cease and desist

from its illegal practice of failing to pay all minimum, overtime, and

agreed upon wages required by law.

38.     Plaintiff's claims are typical of the claims of members of the

class.  Plaintiff and members of the class have sustained damages arising out

of the same wrongful and uniform employment policy of Defendants by

failing to timely pay, in full, the minimum, overtime, and agreed upon

wages required by law, in violation of the FLSA, FMWA, and common law.

39.     Plaintiff knows of no difficulty that will be encountered in the

management of this litigation that would preclude its continued

maintenance.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT (Minimum Wage)</u>

40.     The allegations in Paragraphs 1 through 39 are realleged and fully

incorporated by reference herein.

41.     By their actions alleged above, Defendants willfully, knowingly

and/or recklessly violated the provisions of FLSA, which requires minimum

wages to be paid to employees, including provisions set forth in 29 U.S.C. §§

206 and 218(a).

42.     At all relevant times, Defendants have been, and continues to be, an employer and an enterprise engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

43.     At all relevant times, Defendants employed and/or continues to employ the Plaintiff and other similarly situated employees.

44.     As set forth above, Defendants have throughout the applicable limitations period since June 16, 2022, had a policy and practice of failing to pay wages to all of their employees, including Plaintiff.  Accordingly, each workweek that Defendants failed to pay wages to the Plaintiff and those similarly situated to her, constitutes a minimum wage violation occurred whereby the employees became entitled to an award of minimum wages and liquidated damages.

45.     Defendants' failure to pay the Plaintiff and others similarly situated employees the full minimum wage is in violation of 29 U.S.C. § 206.

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, demand judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees

and costs incurred in this action, pre- and post-judgment interest, and any and all further relief that this Court determines to be just and appropriate

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT (Unpaid Overtime)

47.    The allegations in Paragraphs 1 through 39 are realleged and fully incorporated by reference herein.

48.    By their actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to employees at the rate of one and a half times their regular rate of pay, including provisions set forth in 29 U.S.C. § 207 and 218(a).

49.    At all relevant times, Defendants have been, and continues to be, an employer and an enterprise engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

50.    At all relevant times, Defendants employed and/or continues to employ the Plaintiff and other similarly situated employees.

51.    As set forth above, Defendants have throughout the applicable limitations period since June 16, 2022, had a policy and practice of failing to pay overtime wages to all of their employees, including Plaintiff. Accordingly, each workweek that Defendants failed to pay overtime wages to

the Plaintiff and those similarly situated to her for all hours worked over 40 in the workweek at the rate of one and a half times his regular rate of pay, constitutes an overtime wage violation whereby the employees became entitled to an award of overtime wages and liquidated damages.

52.    Defendants' failure to pay the Plaintiff and others similarly situated employees the all overtime wages is in violation of 29 U.S.C. § 207.

53.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, demand judgment against Defendants for unpaid overtime wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre- and post-judgment interest, and any and all further relief that this Court determines to be just and appropriate

## COUNT III
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Fla. Stat. § 448.110 & Fla. Const. ART. X, § 24)

54.    The allegations in Paragraphs 1 through 39 are realleged and fully incorporated by reference herein.

55.    At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods

for commerce, under the Florida Minimum Wage Act and Florida Constitution.

56.    At all relevant times to this Complaint, Defendants employed, and/or continue to employ the Named Plaintiffs and similarly situated potential class members.

57.    As set forth above, Defendants have throughout the applicable limitations period since June 16, 2022, had a policy and practice of failing to pay wages to all of their employees, including Plaintiff.  Accordingly, each workweek that Defendant failed to pay wages to the Plaintiff and those similarly situated to her, a minimum wage violation occurred whereby the employees became entitled to an award of minimum wages and liquidated damages.

58.    As a direct and proximate result of Defendants' deliberate non-payment of the minimum wages which Plaintiff and others similarly situated employees were entitled to, Plaintiff and those similarly situated employees have suffered damages.

59.    Defendants' policy and practice violates the Florida Minimum Wage Act's and Florida Constitution's minimum wage payment requirements.

60.     Defendants' failure to pay Plaintiff and other similarly situated class members the full minimum wage is a violation of the Florida Minimum Wage Act, Fla. Stats. §448.110, and Article X, Section 24 of the Florida Constitution.

61.     The foregoing conduct of Defendants, as alleged, constitutes a willful violation of the Florida Minimum Wage Act and Florida Constitution.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, demand judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre- and post-judgment interest, and any and all further relief that this Court determines to be just and appropriate

## COUNT IV
## UNPAID WAGES/BREACH OF CONTRACT

62.     The allegations in Paragraphs 1 through 39 are realleged and fully incorporated by reference herein.

63.     That upon agreeing to work for Defendants, Plaintiff and other similarly situated employees entered into an employment agreement to provide services in exchange for an agreed upon pay rate and/or salary.

64.    Plaintiff and other similarly situated employees performed all of the conditions and obligations under the agreement.

65.    The Defendants failed in their contractual duties to perform their obligations under the agreement by failing to pay Plaintiff and others similarly situated their agreed upon rate of pay and/or salary.

66.    The actions of Defendants constitute a breach of the agreement and/or contract between the parties.

67.    As a direct and proximate result of the Defendants' breach of the agreement, Plaintiff and other similarly situated employees have sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

68.    As a result of the breach of the agreement by Defendants, Plaintiff, on behalf of herself and those similarly situated, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

69.    Plaintiff and other similarly situated employees are entitled to fees and costs pursuant to Florida Statutes Chapter 448.08.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, demands judgment for damages, pre- and post-judgment interest,

attorneys fees and costs pursuant to Fla. Stat. § 448.08, and such other relief to which the Plaintiff may be justly entitled.

## COUNT V
## FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION

70.     The allegations in Paragraphs 1 through 39 are realleged and fully incorporated by reference herein.

71.     The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of herself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

72.     At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked nor for minimum wage for all hours worked.

73.     Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the applicable statute of limitations, who have not been

properly compensated at one and one-half times their regular rate of pay for all overtime hours worked nor minimum wage for each hour worked, and for Defendants failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

74.    The putative class members are all current, former, and future employees of Defendants who were not paid minimum wage for all hours worked nor time and half their rate of pay for each hour worked in the workweek during the applicable statute of limiatations period.

75.    Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendants.

76.    The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

77.    Defendant's failure to pay such similarly-situated individuals the required minimum wage and overtime pay was intentional and willful.

78.    As a direct and legal consequence of Defendants' unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have

incurred, or will incur, costs and attorneys' fees in the prosecution of this

matter.

WHEREFORE, Plaintiff, TARA NATWICK, individually and on behalf

of all others similarly-situated, respectfully requests all legal and equitable

relief allowed by law including, but not limited to:

(a)  Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

(b)  Judgment against Defendant for minimum wages, overtime compensation, liquidated damages, and prejudgment interest;

(c)  Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(d)  An adjudication on the merits of the case; and

(e)  Such other relief as the court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

79.  Plaintiff, TARA NATWICK, on behalf of herself and all others

similarly situated, demands a trial by jury.

Dated this 7th day of September, 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48931
miguel@fgbolaw.com

**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*