UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TARA NATWICK, on behalf of herself
and all other similarly situated,

    Plaintiff,

v.

FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC, d/b/a EMERGE HEALTHCARE GROUP, LLC and LANCE FRIEDMAN, Individually,

    Defendants.
_____/

Case No.: 6:22-cv-1607-PGB-EJK

**JOINT MOTION FOR SETTLEMENT APPROVAL AND FOR LIMTED STAY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TARA NATWICK, on behalf of herself and all others similarly situated, and Defendants, FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC d/b/a EMERGE HEALTHCARE GROUP, LLC and LANCE FRIEDMAN, individually (collectively, "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* **Exhibit "A."**

I.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two

ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the Parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court

may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employers, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendants were represented by experienced counsel. After suit was filed, the Parties exchanged time sheets and payroll records and other voluminous documentation pursuant to the FLSA Scheduling Order and in response to the Court's Interrogatories, and conducted their own discovery, including depositions of key witnesses. In addition, the Parties attended a mediation conference via Zoom on August 8, 2023, and reached a settlement, subject to court approval.

Undersigned counsel for the parties have evaluated all of the circumstances including the amount of the proposed settlement and the strengths and weaknesses of the case. After carefully being advised, the Parties have elected to accept the terms of the settlement and have signed the Settlement Agreement. Accordingly, the parties respectfully request the Court approve the Settlement.

## II.   Terms of FLSA Settlement

### A.   Plaintiff's Recovery

Plaintiff will receive a total settlement in the amount of $15,000.00, with $7,156.63 to be paid directly to Plaintiff and $7,843.37 to be paid directly to Florin Gray Bouzas Owens, LLC, Plaintiff's undersigned counsel, for attorney's fees and costs, which were negotiated separately. The Parties agree that the settlement terms and amounts are reasonable. The Settlement requires half of this amount to be paid by September 27, 2023, and the second half within 45-days of such payment.

### B.   Attorney's Fees/Costs

The settlement agreement acknowledges that $7,843.37 of the total settlement amount of $15,000.00 shall be paid directly to Florin Gray Bouzas Owens, LLC, Plaintiff's undersigned counsel, for attorney's fees and costs. The Settlement requires half of this amount to be paid by September 27, 2023, and the second half within 45-days of such payment.

## III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and enter a limited stay of this action for 65 days to allow the parties to satisfy the payment obligations of the settlement. Upon doing so, the parties will immediately file a joint stipulation of dismissal with prejudice of Plaintiff's claims.

Dated this 25th day of September, 2023.

Respectfully submitted,

| | |
|---|---|
| /s/ Miguel Bouzas, Esq. | /s/ Allan P. Whitehead, Esq. |
| Miguel Bouzas, Esq. | Allan P. Whitehead, Esq. |
| Florida Bar No. 48943 | Florida Bar No. 870927 |
| Wolfgang M. Florin, Esq. | James D. Henderson, Esq. |
| Florida Bar No. 907804 | Florida Bar No. 0084257 |
| Florin Gray Bouzas Owens, LLC | Frese, Whitehead, Anderson & Henderson, P.A. |
| 16524 Pointe Village Drive, Suite 100 | 2200 Front Street, Suite 301 |
| Lutz, FL  33558 | Melbourne, FL  32901 |
| Tel : 727.254.5255 | Tel:  321.984.3300 |
| E-mail:  miguel@fgbolaw.com | E-mail: awhitehead@fresewhitehead.com |
| wolfgang@fgbolaw.com | jhenderson@fresewhitehead.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |