**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TARA NATWICK,

    Plaintiff,

v.

FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC; and LANCE FRIEDMAN,

    Defendants.

Case No. 6:22-cv-1607-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the parties' Joint Motion for Settlement Approval (Dkt. 55), filed October 25, 2023 (the "Motion"). Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

On September 7, 2022, Plaintiff Tara Natwick filed a Complaint against Defendants First Choice Medical Group of Brevard, LLC, and Lance Friedman alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiff alleges that she worked as the Director of Business Development from approximately August 2021 to August 5, 2022. *Id.* at ¶ 9. Plaintiff alleges that

Defendants have failed to pay Plaintiff for any services rendered starting on June 17, 2022, including minimum wage or overtime payments. *Id.* at ¶ 10.

On August 8, 2023, the parties successfully mediated the entire action, Dkt. 51, and subsequently filed a joint motion to approve the settlement terms (Dkt. 53), which the Court denied because the Settlement Agreement contained a general release clause that seemingly extended to non-parties, a confidentiality provision, and a non-disparagement clause. Additionally, the proposed agreement contemplated that it may be modified by writing, which circumvented *Lynn's Food* review by this Court. *See* Dkt. 54.

On October 25, 2023, the parties filed a renewed Motion for Settlement Approval (Dkt. 55) and a revised Settlement Agreement (Dkt. 57). The parties inform the undersigned that they have addressed the issues discussed above and have negotiated a settlement of Plaintiff's claim. Under the terms of the settlement agreement, Plaintiff will receive, $7,156.63 for her alleged unpaid wages. Dkt. 57-1 at 2. Plaintiff's counsel will receive $7,843.37 for attorney's fees and costs. *Id.* at 2–3. The parties ask the Court to approve the FLSA settlement agreement.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after

scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of [Plaintiff's] success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III.  ANALYSIS

### A.    The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of her claims is fair and reasonable. 679 F.2d at 1354-55. Plaintiff estimates that she is owed about $9,000.00 for her FLSA claims. Dkt. 22 at 3. Because Plaintiff is receiving less than the amount she claimed (Dkt. 57-1 at 2), she has compromised her FLSA claim.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. Dkt. 55 at 3. The agreement was reached after a successful mediation and negotiation by represented parties in good faith to resolve an uncertain case. Dkt. 51. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of her original claim, the undersigned finds the settlement amount fair and reasonable. The undersigned therefore finds the consideration being paid to Plaintiff to resolve her FLSA claim is fair and reasonable.

### B. The revised settlement agreement has sufficient detail to not render the proposed agreement unfair or unreasonable and the other problematic clauses have been removed or altered.

The revised Settlement Agreement contains a release of claims that is specific to "any and all wage claims arising out of or related to the payment of wages during Employee's employment with Employer" and makes clear that such release is only as to First Choice Medical Group of Brevard, LLC, and Lance Friedman. Dkt. 57-1 at 2. "Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information." *Hathaway v. Hemp Hop, LLC*, No. 6:21-CV-649-, 2022 WL 2305989, at *3 (M.D. Fla. Mar. 7, 2022), *report & recommendation adopted*, No. 6:21-CV-649, 2022 WL 2305981 (M.D. Fla. Apr. 11, 2022). The revisions save the release from being a pervasive release that "introduces a troubling imponderable into the calculus of fairness and full compensation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Plaintiff is not executing "a broad release effectively gambl[ing], [or] exchanging unknown rights for a few hundred or a few thousand dollars to which [s]he is otherwise unconditionally entitled." *Id.* Plaintiff retains the right to bring some claims against Defendant in the future. The general release clause therefore has sufficient information to not render it a pervasive release and make the proposed settlement unfair or unreasonable.

Additionally, the parties have removed the non-disparagement and confidentiality provisions from the revised Settlement Agreement. Dkt. 55 at 6. And the parties have agreed to remove the provision that contemplated a written revision of the Agreement. The parties state that the Agreement is in final form, with no opportunity for amendment or modification. *Id.* at 6. Thus, these clauses no longer impede the Settlement Agreement from being fair and reasonable.

### C.  The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $7,843.37 in fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 55 at 4. The Court finds that the amount is reasonable on its face, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Because the proposed award of attorney's fees and costs was negotiated via a neutral, third-party mediator, the undersigned finds that this award of attorney's fees and costs is reasonable.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Joint Motion for Settlement Approval (Dkt. 55) is **GRANTED**;

2. This case is hereby **ADMINISTRATIVELY CLOSED** subject to the right of any party to file within sixty-five (65) days a stipulated form of final order or judgment or, on good cause shown, to move the Court to re-open the case for further proceedings.

3. Failure to timely file a stipulated form of final order or judgment within sixty-five (65) days will result in the case being dismissed without prejudice without further notice to the parties.

4. The Clerk is **DIRECTED** to administratively close the file.

**DONE** and **ORDERED** in Orlando, Florida, on November 6, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record